Contracts; interpretation; ambiguity noted during performance; contemporaneous interpretation; failure to protest Governments interpretation of specifications, effect of during production difficulties; scope of review by Court of Claims of administrative decision; use of hearsay evidence before Contract Appeals Board; remand to Board to establish actual or reasonable costs. — Plaintiff seeks review under Wunderlich Act criteria of two decisions of the Interior Board of Contract Appeals (70-1 BCA para. 8297 and 73-1 BOA para. 9903) which allowed plaintiff $223,529.78 on a total claim of $3,297,385.05, in connection with plaintiff’s contracts for concrete pipeline construction, pipe laying, etc. to furnish water to cities in the Texas Panhandle. On May 28,1976 the court entered the following order:
Before CoweN, Chief Judge, Dureee, Senior Judge, and Kashiwa, Judge.
“This case comes before the court on plaintiff’s and defendant’s request for review of the recommended decision of Trial Judge Kenneth R. Plarkins, pursuant to Rule 166(c) [reported in full text at 21 CCF para. 84057]. After hearing oral argument and considering the briefs of the parties, the court agrees, except as indicated below, with the trial judge’s recommended decision, copies of which have already been furnished to the parties. Accordingly, the court hereby affirms *685 and adopts the same, as modified, as the basis for its judgment in this case, with a slight change in the order of remand.
“it is therefore ordered that plaintiff’s motion for summary judgment is allowed in part and denied in part. Defendant’s cross-motion is allowed in part and denied in part; and the case is remanded to the Interior Board of Contract Appeals, pursuant to Pub. L. No. 92-415 and Rules 149 and 150, for reconsideration of the equitable adjustment as appropriate in accordance with this decision. On remand, if plaintiff shows that its books and records were not kept in a manner which will enable it to establish its actual costs in support of an equitable adjustment, the IBCA shall permit plaintiff to support its claim for an equitable adjustment by other evidence, exclusive of the total cost method, which shows its reasonable costs. See Bruce Constr. Corp. v. United States, 163 Ct. Cl. 97, 324 F. 2d 516 (1963), and Nager Elec. Co. v. United States, 194 Ct. Cl. 835, 442 F. 2d 936 (1971).”